IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ROBERT MICHAEL MCDONALD,
Inmate No. 00030838,
    Plaintiff,

vs.                                          Case No.: 3:20cv5388/LAC/EMT

GRAHAM FOUNTAIN, et al.,
    Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Robert Michael McDonald, an inmate of the Okaloosa County Jail, is proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. The matter is before the court on Plaintiff's "Amended Order to Show Cause for an [sic] Preliminary Injunction & a Temporary Restraining Order" (ECF No. 5) and "Order to Issue Preliminary Injunction & Temporary Restraining Order" (ECF No. 14), both of which the court will construe as a motion for a temporary restraining order. The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(C); *see also* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b). Upon consideration, and for the reasons set forth below, the court recommends that Plaintiff's motions for injunctive relief be denied.

Granting or denying a temporary restraining order or preliminary injunction rests within the discretion of the district court. *Carillon Importers, Ltd. v. Frank Pesce Intern. Grp. Ltd.*, 112 F.3d 1125, 1126 (11th Cir. 1997) (*citing United States v. Lambert*, 695 F.2d 536, 539 (11th Cir. 1983)). Courts will grant a temporary restraining order or preliminary injunction only when the movant establishes four elements: (1) a substantial likelihood of success on the merits; (2) irreparable injury will be suffered if the relief is not granted; (3) the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) entry of the relief would serve the public interest. *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1225–26 (11th Cir. 2005) (*citing Ingram v. Ault*, 50 F.3d 898, 900 (11th Cir. 1995)). "A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the burden of persuasion as to the four requisites." *All Care Nursing Serv. v. Bethesda Mem'l Hosp.*, 887 F.2d 1535, 1537 (11th Cir. 1989) (internal marks omitted).

The purpose of preliminary injunctive relief is to preserve the status quo between the parties and prevent irreparable injury until the merits of the lawsuit itself can be reviewed. *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994); *All Care Nursing*, 887 F.2d at 1537; *United States v. State of Ala.*, 791 F.2d 1450, 1457 n.9 (11th Cir. 1986). This necessitates that the relief sought in the motion be closely related to the conduct complained of in the actual complaint. *Devose*, 42 F.3d at

471; *Penn v. San Juan Hosp.*, 528 F.2d 1181, 1185 (10th Cir. 1975). Here, Plaintiff's second motion for injunctive relief (ECF No. 14) appears wholly unrelated to the matters set forth in Plaintiff's complaint. Through the second motion, Plaintiff seeks "issuance of the order on grounds concerning administrative influence base[d] on 2 verbal conversation[s]" (ECF No. 14 at 1). The undersigned cannot even discern the specific matters of which Plaintiff complains in the second motion or the relief he seeks, much less any manner in which either is even tangentially related to the matters set forth in Plaintiff's complaint, which stem from alleged exposure to toxic substances—smoke and black mold, in particular. Plaintiff's second motion for injunctive relief (ECF No. 14) thus should be denied.

    Plaintiff's initial motion (ECF No. 5) likewise should be denied, as Plaintiff has not established any of the four prerequisites for injunctive relief. With regard to the first element, Plaintiff has failed to demonstrate a substantial likelihood of success on the merits of his claims. Indeed, Plaintiff sets forth no basis for his belief that black mold is present in the jail or that he has been—or is likely to be—injured as a result of black mold or any other toxin.

    With regard to the second element—a substantial threat he will suffer imminent and irreparable injury absent issuance of a preliminary injunction—Plaintiff's motion again falls short. Although Plaintiff alleges exposure to toxins, he has not any identified any specific injury that could result from the alleged exposure

other than a weakened immune system, which he contends would make him more susceptible to Covid-19. Plaintiff's allegations in that regard are speculative in nature and fall far short of establishing he is likely to suffer imminent and substantial injury. *See Siegel v. LePore*, 234 F.3d 1162, 1176–77 (11th Cir. 2000) (emphasizing "the asserted irreparable injury 'must be neither remote nor speculative, but actual and imminent.'") (*quoting Northeastern Fla. Chapter of the Ass'n of Gen. Contractors v. City of Jacksonville*, 896 F.2d 1283, 1285 (11th Cir. 1990)); *Church v. City of Huntsville*, 30 F.3d 1332, 1337 (11th Cir. 1994) (stating that to obtain injunctive relief, a plaintiff must show "a real and immediate—as opposed to a merely conjectural or hypothetical—threat of *future* injury") (emphasis in original).

The third factor—balancing potential harm to the parties—also weighs more heavily in favor of Defendants because issuance of the requested injunction would impact jail operations. *See, e.g., Procunier v. Martinez*, 416 U.S. 396, 405 (1974), *overruled on other grounds by Thornburgh v. Abbott*, 490 U.S. 401 (1989) ("[C]ourts are ill equipped to deal with the increasingly urgent problems of prison administration and reform. Judicial recognition of that fact reflects no more than a healthy sense of realism. Moreover, where state penal institutions are involved, federal courts have a further reason for deference to the appropriate prison authorities.").

Case No.:  3:20cv5388/LAC/EMT

Finally, Plaintiff has failed to allege, and the facts do not suggest, that entry of the requested relief would serve the public interest.

Accordingly, it is respectfully **RECOMMENDED**:

That Plaintiff's "Amended Order to Show Cause for a[] Preliminary Injunction & a Temporary Restraining Order" (ECF No. 5) and "Order to Issue Preliminary Injunction & Temporary Restraining Order" (ECF No. 14) be **DENIED**.

At Pensacola, Florida, this 26th day of May 2020.

*/s/ Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**