UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ROBERT MICHAEL MCDONALD,
Inmate No. 00030838,
     Plaintiff,

vs.                          Case No.: 3:20cv5388/LAC/EMT

GRAHAM FOUNTAIN, et al.,
     Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Robert Michael McDonald, an inmate of the Okaloosa County Jail proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983. The matter is before the court on Plaintiff's "Emergency Motion for an [sic] Restrictive Injunction" (ECF No. 36), the third such motion Plaintiff has filed (*see* ECF Nos. 5, 14). The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(C); *see also* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b). For the reasons set forth below, the undersigned recommends that Plaintiff's motion be denied.

Granting or denying a temporary restraining order or preliminary injunction rests within the discretion of the district court. *Carillon Importers, Ltd. v. Frank*

*Pesce Intern. Grp. Ltd.*, 112 F.3d 1125, 1126 (11th Cir. 1997) (citing *United States v. Lambert*, 695 F.2d 536, 539 (11th Cir. 1983)).  Courts will grant a temporary restraining order or preliminary injunction only when the movant establishes four elements: (1) a substantial likelihood of success on the merits; (2) irreparable injury will be suffered if the relief is not granted; (3) the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) entry of the relief would serve the public interest.  *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1225–26 (11th Cir. 2005) (citing *Ingram v. Ault*, 50 F.3d 898, 900 (11th Cir. 1995)).  "A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the burden of persuasion as to the four requisites."  *All Care Nursing Serv. v. Bethesda Mem'l Hosp.*, 887 F.2d 1535, 1537 (11th Cir. 1989) (internal marks omitted).

As the court previously explained to Plaintiff (*see* ECF No. 17 at 2), the purpose of preliminary injunctive relief is to preserve the status quo between the parties and prevent irreparable injury until the merits of the lawsuit itself can be reviewed.  *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994); *All Care Nursing*, 887 F.2d at 1537; *United States v. State of Ala.*, 791 F.2d 1450, 1457 n.9 (11th Cir. 1986).  This necessitates that the relief sought in the motion be closely related to the

conduct complained of in the actual complaint. *Devose*, 42 F.3d at 471; *Penn v. San Juan Hosp.*, 528 F.2d 1181, 1185 (10th Cir. 1975).

In the instant motion, Plaintiff claims he was assaulted by jail guards after complaining that the jail had held his mail for fifteen days (ECF No. 36 at 1), and it appears the assault happened in or after July 2020 (*see id*.). He states that he brings the motion "in good faith to self rescue from possible consequences as deliberate and retaliatory conduct . . ." and requests that the court "rescue him from improper justice and forbid the defendant or his agents from attempting or continuing to punish the detainee by confinement action . . ." (*id.* at 1–2). Plaintiff alleges he is "only 7 days from last positive test for the [virus] and is having issues on top of being assaulted with bruising [sic] on [his] face and [his] left hand [sic] unable to make a fist" (*id.*). He also appears to complain of conditions relating to the "Corona virus," in addition to the assault mentioned herein, but appears to seek relief that is primarily related to the officers' assault (*id.*).

The alleged events underlying Plaintiff's motion are not even tangentially related to the matters set forth in Plaintiff's complaint, which stems from alleged exposure to toxic substances—smoke and black mold, in particular—in or about March or April 2020. As a result, Plaintiff has wholly failed to satisfy the

prerequisites for injunctive relief.  Plaintiff's motion thus should be denied.  *See Ala. v. U.S. Army Corps of Engineers*, 424 F.3d 1117, 1127 (11th Cir. 2005) (holding that "any motion for either a preliminary or permanent injunction must be based upon a cause of action"); *see also Torres Puello v. Guerrero Mendez*, No. 5:20-CV-198-OC-34PRL, 2020 WL 4004481, at *2 (M.D. Fla. June 15, 2020), report and recommendation adopted, No. 5:20-CV-198-OC-34PRL, 2020 WL 4001896 (M.D. Fla. July 15, 2020) (denying motion for injunctive relief because Plaintiff's request for an injunction was not related to the underlying claims in his complaint).

Accordingly, it is respectfully **RECOMMENDED**:

That Plaintiff's "Emergency Motion for an [sic] Restrictive Injunction" (ECF No. 36) be **DENIED**.

At Pensacola, Florida, this 21st day of January 2021.

*/s/ Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

## <u>NOTICE TO THE PARTIES</u>

**Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control</u>.  An objecting party must serve a copy of the objections on all other parties.  A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**